In re THERMAL BARRIERS, INC., Seneca Stone Corporation, Castlerock Company, Bankrupt.

Walter L. LEECH, Receiver and Robert I. Leech, Trustee, Plaintiffs,

v.

F. Harold WHITE, Defendant.

Bankruptcy No. 78–40153.

United States District Court, E. D. Michigan, S. D.

Jan. 16, 1981.

---

David L. Park, Brighton, Mich., for plaintiffs.

Robert I. Leech, Flint, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

STEWART A. NEWBLATT, District Judge.

This is an appeal from a decision of the bankruptcy court invalidating a security interest in certain of the bankrupt's property and denying appellant's petition to reclaim the auction sale proceeds of said collateral.

Appellant, F. Harold White (hereinafter "secured party"), loaned money to bankrupt corporation (hereinafter "debtor") in 1976 in return for a security interest in certain property of the debtor. A properly filed financing statement perfected this security interest shortly thereafter.

In March 1977, debtor filed a certificate of amendment to the Articles of Incorporation changing the corporate name to "Thermal Barriers, Inc." The secured party was informed of this name change sometime in April, 1977.

On May 17, 1978, debtor filed a petition in bankruptcy, and the receiver challenged the validity of the security interest. On August 10, 1978, the bankruptcy court held the security interest invalid because the secured party did not file a new financing statement under the new name of the debtor after learning of the name change.

The secured party argues that Michigan law does not require a secured party to file a new financing statement after a change in the debtor's name where the secured party does not learn of the name change until after the original filing of a financing statement.

The secured party also contends that the corporate name change was invalid because it did not comply with state law.

The receiver argues that the secured creditor's failure to file a new financing statement was "seriously misleading" to subsequent creditors of the corporation. Since the purpose of filing a financing statement is to inform later creditors of the existence of the debt, a financing statement that is "seriously" misleading to subsequent creditors should be corrected.

The receiver also argues that the secured party's acquiescence in the corporate name change after becoming aware of it estops him from objecting to the validity of the change now.

The validity of the security interest must be determined as of the date the petition in bankruptcy was filed, in this case May 17, 1978. Bankruptcy Act § 70(c), 11 U.S.C. § 110(c). The law that determines the validity of the security interest is Michigan's Uniform Commercial Code, Art. 9, MCLA 440.9101 *et seq.*

MCLA 440.9402 requires a secured creditor to file a financing statement in order to perfect the interest. Nothing in the statute explicitly requires a secured creditor to re-

file the financing statement after learning the debtor has changed names. Therefore the question is whether the failure to refile in such a situation frustrates the purpose of the statute to such an extent as to be a breach of the duty of good faith required in all dealings under the Code by MCLA 440.-1203.

The Sixth Circuit considered a somewhat similar situation in *In re Kalamazoo Steel Process, Inc.*, 503 F.2d 1218 (6th Cir. 1974). In that case the secured creditor and the debtor contemplated a name change at the time the security agreement was signed, and before any financing statement had been filed. The court found in that case, that the failure to reflect the name change in the financing statement, when the secured party had knowledge of the name change beforehand, was a breach of the duty of good faith imposed by the Code. This is however factually distinguishable from the case at bar. In the instant case, the secured party did not learn of the name change until after the original financing statement had been filed. The court in *Kalamazoo* specifically said it was not considering the situation where the secured party learns of a name change after filing. *In re Kalamazoo, supra*, at 1222.

The Michigan Supreme Court considered the problem of a later name change by the debtor in *Continental Oil v. Citizens Trust and Savings Bank*, 397 Mich. 203, 244 N.W.2d 243 (1976). There the first (in time) secured creditor perfected a security interest in the debtor's property. Two years later the debtor changed its corporate name. Two years after the name change the debtor gave a second security interest in the same property to a creditor. When the debtor filed in bankruptcy, the question of the priority of the security interests arose.

The court in that case held that there was no duty to refile a financing statement upon learning of the debtor's name change. ▮ The validity of the security interest in the case before this court is determined by Michigan law. We therefore must follow the Michigan Supreme Court

ruling and find that the secured party in this case had no duty to refile the financing statement upon learning of the debtor's name change. The secured party had a perfected security interest when the petition in bankruptcy was filed.

The receiver argues that recent amendments by the Michigan Legislature to MCLA 440.9402 requiring the refiling of financing statements in similar circumstances shows that a failure to refile is indeed misleading. Brief for Appellee, p. 2. A better analysis of the import of this amendment to the statute is found in the Michigan case, where the court said:

> The very fact that this amendment is proposed is recognition that custom and usage of the current commercial world do (sic) not require a refiling. Defendant, as part of the commercial marketplace, is reasonably entitled to rely upon the prevailing practice and until the legislature changes the law, should not be required to do that which was not the practice of the marketplace. *Continental Oil, supra*, at 209 [244 N.W.2d 243], quoting from the Michigan Appeals Court decision.

For these reasons, the bankruptcy court is reversed and this matter remanded with instructions to grant the secured party's petition to reclaim the auction sale proceeds of the collateral from the trustee. In view of this ruling, it is unnecessary to reach the question of the validity of the corporate name change and the effect that would have on the security interest.

IT IS SO ORDERED.